David McGREW *v.* STATE of Arkansas

CR 98-426                                              991 S.W.2d 558

Supreme Court of Arkansas
Opinion delivered June 10, 1999

*W. Hunter Williams, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

W H. "Dub" Arnold, Chief Justice. The appellant, David McGrew, was found guilty of misdemeanor sexual misconduct involving a minor and was sentenced to ninety days in the Mississippi County jail and fined $500.00. On appeal, McGrew challenges (1) the denial of his motion to dismiss, based upon his prosecution for a misdemeanor offense more than one year after the commission of the offense, (2) the admission of rebuttal testimony, and (3) the sufficiency of the evidence. We accepted certification of this case from the Court of Appeals in order to resolve an issue of first impression, specifically, the application of Ark. Code Ann. section 5-1-109(f). Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1-2(b)(6) (1998). Holding that the State failed to timely prosecute the appellant pursuant to Ark. Code Ann. sections 5-1-109(b)(3) and (f), we reverse appellant's conviction.

McGrew was arrested in Manila, Arkansas, on September 27, 1995, pursuant to a warrant of arrest issued by the Municipal Court Clerk. Following a probable cause hearing on September 29, 1995, the Court issued an affidavit of probable cause, charging appellant with the felony of sexual abuse in the first degree. Significantly, the prosecuting attorney never filed an information related to the felony offense. Almost one year later, on August 30, 1996, McGrew was issued a citation in Manila, Arkansas, charging him with misdemeanor sexual misconduct, arising out of the same conduct for which he was arrested in September, 1995. At a trial before the Blytheville Municipal Court on September 25, 1996, McGrew was found guilty of misdemeanor sexual misconduct.

Subsequently, McGrew appealed to the Mississippi County Circuit Court and filed a motion to dismiss, arguing that his prosecution for the misdemeanor offense violated the statute of limita-

tions set forth in Ark. Code Ann. section 5-1-109(b)(3). At trial, the victim testified that the acts upon which the charge was based occurred between January and April of 1995. However, the circuit court denied appellant's motion to dismiss. On September 11, 1997, this court denied, without prejudice, appellant's petitions for writ of prohibition and writ of certiorari. From his conviction for misdemeanor sexual misconduct involving a minor, comes the instant appeal.

### Section 5-1-109 statute of limitations

Appellant's first point on appeal contends that his prosecution for the misdemeanor offense was barred by the one-year statute of limitations provided by Ark. Code Ann. section 5-1-109(b)(3). On the other hand, the State argues that the limitation period for the misdemeanor was tolled while the felony prosecution was pending. In support of its position, the State relies on section 5-1-109(g)(2), which provides that the period of limitation does not run during any period when a prosecution against the accused for the same conduct is pending in this state.

At issue in the instant appeal is the construction of Ark. Code Ann. section 5-1-109(f), which provides that:

> A prosecution is commenced when an *arrest warrant or other process is issued based on an indictment, information, or other charging instrument*, provided that such warrant or process is sought to be executed without unreasonable delay.

(Emphasis added.) Appellant suggests that because the State failed to file an information relating to the felony arrest warrant, section 5-1-109(f) dictates that no felony prosecution was ever commenced. Consequently, the statute of limitations period could not be tolled under section 5-1-109(g)(2). We agree.

In construing statutes, this court will give effect to the legislature's intent, making use of common sense and giving the words their usual and ordinary meaning. *Reed v. State*, 330 Ark. 645, 649, 957 S.W.2d 174, 176 (1997) (citing *Kyle v. State*, 312 Ark. 274, 849 S.W.2d 935 (1993)). Moreover, a statute's

commentary, although not controlling over the statute's clear language, is a highly persuasive aid to construing that statute. *Id.* The Original Commentary to section 5-1-109 (Repl. 1995), states that:

> Under prior law a prosecution was commenced when an indictment was found or an information or other charging instrument was filed. Subsection (f) changes this by running the initiation of a prosecution from the issuance of an arrest warrant. . . . The term "other charging instrument" is intended to encompass affidavit complaints, citations, summons, and similar instruments which are presently or may hereafter be employed in *non-felony* prosecutions.

(Emphasis added.)

■ Here, the prosecutor failed to file an information relating to the felony charge. Although the State suggests that appellant's prosecution was commenced with the issuance of the felony arrest warrant, which was based upon an affidavit complaint, we note that the municipal court may not *commence* a felony prosecution. Felonies must be charged by either grand jury indictment or by information filed by the prosecuting attorney. *See Archer v. Benton County Circuit Court*, 316 Ark. 477, 480, 872 S.W.2d 397, 399 (1994) (citing Ark. Const. art. 2, § 8; amend. 21; *Long v. State*, 284 Ark. 21, 680 S.W.2d 686 (1984)). In light of the foregoing, we hold that the trial court erred by denying appellant's motion to dismiss pursuant to the section 5-1-109 statute of limitations. In light of our holding, we need not reach the merits of appellant's remaining arguments.

Reversed.