IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2014 Term

No. 13-1236

**FILED**

**May 29, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL. CARL L. HARRIS, PROSECUTING
ATTORNEY FOR FAYETTE COUNTY, WEST VIRGINIA,
Petitioner

v.

THE HONORABLE JOHN W. HATCHER, JR., JUDGE OF THE CIRCUIT COURT
OF FAYETTE COUNTY, WEST VIRGINIA, and STEVEN R. MALAY, SR.,
Respondents

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED

Submitted: March 26, 2014
Filed: May 29, 2014

Brian D. Parsons, Esq.
Assistant Prosecuting Attorney
Roger L. Lambert, Esq.
Assistant Prosecuting Attorney
Fayette County
Fayetteville, West Virginia
Counsel for Petitioner

J.B. Rees, Esq.
James W. Keenan, Esq.
Keenan & Associates, L.C.
Fayetteville, West Virginia
Counsel for Respondent
Steven R. Malay

JUSTICE LOUGHRY delivered the Opinion of the Court.
JUSTICE BENJAMIN concurs and reserves the right to file a concurring opinion.

SYLLABUS BY THE COURT

1. "Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, [this] appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of power is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue." Syl. Pt. 2, *Woodall v. Laurita*, 156 W. Va. 707, 195 S.E.2d 717 (1973).

2. "'In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied,

it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.' Syllabus Point 4, *State ex. rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996)." Syl. Pt. 2, *State ex. rel. Weirton Med. Ctr. v. Mazzone*, 214 W. Va. 146, 587 S.E.2d 122 (2002).

3. "A babysitter may be a custodian under the provisions of *W.Va.Code, 61–8D–5* [1998], and whether a babysitter [is] in fact a custodian under this statute is a question for the jury." Syl. Pt. 1, *State v. Stephens*, 206 W. Va. 420, 525 S.E.2d 301 (1999).

4. The question of whether a person charged with a crime under West Virginia Code § 61-8D-5 (2010) is a custodian or person in a position of trust in relation to a child is a question of fact for the jury to determine.

5. "The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for

a writ of prohibition must be promptly presented." Syl. Pt. 5, *State v. Lewis*, 188 W.Va. 85, 422 S.E.2d 807 (1992).

LOUGHRY, Justice

The petitioner Carl L. Harris, Prosecuting Attorney for Fayette County, West Virginia (hereinafter the "petitioner" or the "State"), invokes this Court's original jurisdiction[1] and seeks a writ of prohibition to prevent the Circuit Court of Fayette County from enforcing its November 12, 2013, order through which it dismissed six counts of an indictment returned against the respondent (defendant below), Steven R. Malay, Sr. (hereinafter "Mr. Malay"). Each of the dismissed counts charged Mr. Malay with sexual abuse by a parent, guardian, custodian, or person in a position of trust in violation of West Virginia Code § 61-8D-5 (2010).[2] The State asserts that the circuit court prematurely

---

[1]*See* W.Va. Const. art. VIII, § 3.

[2]West Virginia Code § 61-8D-5 provides in relevant part:

> (a) In addition to any other offenses set forth in this code, the Legislature hereby declares a separate and distinct offense under this subsection, as follows: If any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct, then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony . . . .

> (b) Any parent, guardian, custodian or other person in a position of trust in relation to the child who knowingly procures,

(continued...)

1

dismissed these counts as the question of Mr. Malay's status under West Virginia Code § 61-8D-5 is a question of fact for the jury's determination. For the reasons set forth below, we grant the requested writ.

## I. Factual and Procedural Background

The State alleges that in December 2012, the State Police received an anonymous tip that B.F.H.[3] was having sexual relations with an older school bus driver who was later identified as Mr. Malay. Mr. Malay was employed by the Fayette County Board of Education, and B.F.H. was then a fourteen-year-old student who rode to and from school on Mr. Malay's bus. The criminal sexual acts allegedly committed by Mr. Malay occurred

---

[2](...continued)
authorizes, or induces another person to engage in or attempt to engage in sexual exploitation of, or sexual intercourse, sexual intrusion or sexual contact with, a child under the care, custody or control of such parent, guardian, custodian or person in a position of trust when such child is less than sixteen years of age, notwithstanding the fact that the child may have willingly participated in such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct, such parent, guardian, custodian or person in a position of trust shall be guilty of a felony. . . .

[3]We use initials to identify the minor victim in this case, following our practice of protecting the identity of juveniles in sensitive cases. *See, e.g., State ex rel. WV Dept. Of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987); *see also* W.Va. R. App. P. 40(e)(1).

2

at the victim's home while her parents were asleep and at Mr. Malay's farm located a short distance from the victim's home.

The State asserts that B.F.H. was interviewed by the State Police, and she reported that she had been speaking with Mr. Malay during the prior three months. The State alleges that B.F.H. further reported that around the beginning of the 2012 school year, Mr. Malay told her that she looked pretty; that she needed to wear shirts that revealed more of her breasts; and that he enjoyed seeing her at the pool the previous summer. Additional allegations included the following: that B.F.H. reported that Mr. Malay provided her with his cell phone number and asked that she call him; that she later telephoned Mr. Malay, who asked her to come to his farm; and, that during her initial visit to his farm, Mr. Malay asked her to disrobe and kissed her. The State further alleges that B.F.H. reported that during her subsequent meetings with Mr. Malay, he touched her genitals, directed her to reciprocate by touching his genitals, and requested she perform oral sex on him, which she did upon his teaching her how to do so.

According to the State, Mr. Malay also allegedly engaged in "phone sex" with B.F.H., during which he would express his desire to have sexual relations with her at her home. The State alleges that soon after this discussion, Mr. Malay began to visit B.F.H. in

her home and, while her mother and stepfather were asleep, engaged in sexual acts with her, including digital penetration, oral sex, and, eventually, sexual intercourse.

In September 2013, Mr. Malay was indicted by a grand jury on eight counts of sexual abuse by a parent, guardian, custodian or person in position of trust in violation of West Virginia Code § 61-8D-5 (2010), three counts of third degree sexual abuse in violation of West Virginia § 61-8B-9(a) (2010), and seven counts of third degree sexual assault in violation of West Virginia Code § 61-8B-5(a)(2) (2010). Thereafter, Mr. Malay filed a motion for a bill of particulars requesting an explanation of the facts relied upon by the State in charging him with sexual abuse by a parent, guardian, custodian or person in a position of trust in relation to a child. The State filed a response to the motion in which it asserted

4

that Mr. Malay's position as a school bus driver qualified him as either a custodian[4] or person in a position of trust in relation to a child[5] under West Virginia Code § 61-8D-5.

Thereafter, Mr. Malay filed a motion to dismiss the eight counts in the indictment charging him with violating West Virginia Code § 61-8D-5. Mr. Malay asserted

---

[4]A "custodian" is defined in West Virginia Code § 61-8D-1(4) (2010) as:

> a person over the age of fourteen years who has or shares actual physical possession or care and custody of a child on a full-time or temporary basis, regardless of whether such person has been granted custody of the child by any contract, agreement or legal proceeding. "Custodian" shall also include, but not be limited to, the spouse of a parent, guardian or custodian, or a person cohabiting with a parent, guardian or custodian in the relationship of husband and wife, where such spouse or other person shares actual physical possession or care and custody of a child with the parent, guardian or custodian.

[5]A "person in a position of trust in relation to a child" is defined in West Virginia Code § 61-8D-1(12) (2010) as

> any person who is acting in the place of a parent and charged with any of a parent's rights, duties or responsibilities concerning a child or someone responsible for the general supervision of a child's welfare, or any person who by virtue of their occupation or position is charged with any duty or responsibility for the health, education, welfare, or supervision of the child.

On March 8, 2014, the Legislature amended West Virginia Code § 61-8D-1 through the passage of House Bill 4005 (effective ninety days from passage). The 2014 amendment defines the term "gross neglect" and, in doing so, the definition of "person in a position of trust in relation to a child" was moved from § 61-8D-1(12) to subsection (13), but the definition was substantively unchanged.

that even if his employment as a school bus driver caused him to qualify as a custodian or a person in a position of trust under the statute, the acts were not committed while he was serving in that capacity.

On October 17, 2013, the trial court held a hearing on Mr. Malay's motion to dismiss. The trial court reconvened the parties on October 22, 2013, for the purpose of issuing its ruling. The court explained, *inter alia*, that it had considered *State v. Edmonds*, 226 W.Va. 464, 702 S.E.2d 408 (2010), *State v. Longerbeam*, 226 W.Va. 535, 703 S.E.2d 307 (2010), and *State v. Simons*, No. 11-0917, 2012 WL 3079097 (W.Va. Apr. 16, 2012) (memorandum decision), and perceived a conflict as to whether a defendant's status under § 61-8D-5 is a question of law for the court or a question of fact for a jury. On November 12, 2013, the trial court entered an order in which it found that

> the alleged criminal sex acts that took place at the defendant's farm were, if proven, done while the defendant was acting as a custodian or person in a position of trust. The sex acts which occurred in the victim's home, while the victim's sleeping parents were in the home, were done, if proven, while the defendant was not acting as a custodian or person in [a] position of trust.

Based on these conclusions, the trial court denied Mr. Malay's motion to dismiss the two counts charging him with criminal sexual acts at his farm, but granted the motion to dismiss with respect to the six counts involving the criminal sex acts that occurred at the victim's

6

home.[6]  The State asks this Court to prohibit the trial court from enforcing this order so that the State may proceed on all counts in the indictment.

## II. Standard for Issuance of Writ of Prohibition

The State seeks to prohibit the circuit court from enforcing its order that dismisses six of the eight counts of the indictment charging Mr. Malay with sexual abuse by a parent, guardian, custodian, or person in a position of trust in relation to a child in violation of West Virginia Code § 61-8D-5.  Because the petitioner seeks to prohibit the circuit court from abusing its legitimate powers, the following standard applies:

> Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue.

Syl. Pt. 2, *Woodall v. Laurita*, 156 W.Va. 707, 195 S.E.2d 717 (1973).  In this regard, this Court has enumerated the following factors, which are to be considered when deciding whether to issue a writ of prohibition:

> "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but

---

[6]While the trial court seemed to focus on the location of the alleged criminal acts in making its ruling, we only address whether the trial court exceeded its legitimate authority ruling as a matter of law on Mr. Malay's status under West Virginia Code § 61-8D-5 (2010) in dismissing six counts of the indictment.

only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus Point 4, *State ex. rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

Syl. Pt. 2, *State ex. rel. Weirton Med. Ctr. v. Mazzone*, 214 W. Va. 146, 587 S.E.2d 122

(2002). With this standard in mind, we consider the State's request for a writ of prohibition.


### III. Discussion

The issue before the Court is whether the circuit court exceeded its legitimate

authority by dismissing six counts of the eight counts in the indictment charging Mr. Malay

with sexual abuse by a parent, guardian, custodian, or person in a position of trust in violation

of West Virginia Code § 61-8D-5. The State argues that the circuit court erred by ruling, as

a matter of law, on Mr. Malay's status as a custodian or person in a position of trust in

relation to a child because this Court has repeatedly found that this issue of a person's status

under West Virginia Code § 61-8D-5 is to be determined by a jury. The State further argues

8

that the evidence will be sufficient for a jury to find that Mr. Malay was either a custodian or a person in a position of trust when he allegedly had sexual intercourse with B.F.H. in her home as he used his position of trust as B.F.H.'s school bus driver to gain access to her and cultivate his relationship with her. The State asserts that the trial court construed West Virginia Code § 61-8D-5 in an overly narrow fashion when it ruled that Mr. Malay ceased to be a person in a position of trust when acting outside the scope of his employment. In support of its position, the State observes that the statute does not include any conditional limitations with regard to a defendant's status.

Mr. Malay argues that this Court's holding in *State v. Longerbeam*, 226 W.Va. 535, 703 S.E.2d 307 (2010), indicates that a person's status under West Virginia Code § 61-8D-5 is an issue of law rather than a question of fact for a jury, and that a person's prior status as a custodian or person in a position of trust does not permanently confer that status upon an individual. Instead, Mr. Malay contends that a person's status must be determined at the time of the alleged criminal conduct. To the extent prior opinions of this Court reflect that the issue of a person's status under this statute is a question of fact for a jury's determination, Mr. Malay asserts that these cases are factually distinguishable and, therefore, inapplicable.

9

This Court has considered whether an individual's status under West Virginia Code § 61-8D-5 is a question of fact for a jury's determination on multiple occasions. For example, in *State v. Stephens*, 206 W.Va. 420, 525 S.E.2d 301 (1999), the appellant was left in charge of three small children for approximately thirty minutes during which time he sexually molested one of the children. On appeal, Mr. Stephens argued that the trial court erred in failing to direct a verdict of acquittal at the close of the State's case in chief on the charge that he violated West Virginia Code § 61-8D-5 because he did not fit the statutory definition of a "custodian." This Court disagreed and held that "[a] babysitter may be a custodian under the provisions of W.Va. Code, 61-8D-5 [1998], and whether a babysitter [is] in fact a custodian under this statute is a question for the jury." *Stephens*, 206 W.Va. 410, 525 S.E.2d 301, syl. pt. 1. Accordingly, this Court upheld the jury's finding that Mr. Stephens, who was acting as the child victim's babysitter at the time of the criminal sexual conduct, was a custodian within the meaning of West Virginia Code § 61-8D-5.

Following *Stephens*, we addressed a challenge to the sufficiency of the evidence in the context of a jury's determination of a defendant's status under West Virginia Code § 61-8D-5 in *State v. Collins*, 221 W.Va. 229, 654 S.E.2d 115 (2007). In *Collins*, an eleven-year-old girl and her mother were living with the defendant's parents. Although Mr. Collins did not reside in his parents' home, he was a frequent visitor and, on multiple occasions, took the child four-wheeling. On one such occasion, Mr. Collins told the child

that he would not take her home until she performed oral sex on him. Under his threat, she complied. The jury found Mr. Collins guilty of sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5.[7] Upholding the jury's verdict on sufficiency of the evidence grounds and relying upon our holding in *Stephens*, this Court concluded that "persons in temporary physical control of children" could be deemed custodians. 221 W.Va. at 234, 654 S.E.2d at 120.

In *State v. Cecil*, 221 W.Va. 495, 655 S.E.2d 517 (2007), this Court was again asked to consider the sufficiency of the evidence to convict under West Virginia Code § 61-8D-5. In *Cecil*, the defendant argued that the circuit court erred by denying his motion for judgment of acquittal, contending that there was insufficient evidence for the jury to conclude he was a custodian of the child victims. This Court cited *Stephens* for the proposition that a person's status in relation to a child under this statute is a question of fact for the jury. While recognizing Mr. Cecil's argument that he was not a babysitter in the "usual or customary sense[,]" we found sufficient evidence was adduced at trial for the jury to conclude that Mr. Cecil was a custodian of the two minor victims when he sexually assaulted them. 221 W.Va. at 502, 655 S.E.2d at 524.

---

[7]The defendant was indicted in *Collins* in 2004. At that time, West Virginia Code § 61-8D-5 did not include the language "person in a position of trust in relation to a child." In 2005, the Legislature amended this statute to add this language, as well as amended West Virginia Code § 61-8D-1 to add subsection (12), which defines "a person in a position of trust in relation to a child." *See supra* note 5.

A few years later, we considered West Virginia Code § 61-8D-5 in *State v. Edmonds*, 226 W.Va. 464, 702 S.E.2d 408 (2010). Mr. Edmonds, who was a maintenance worker, tutor, and assistant pastor at a Christian school, was convicted of violating West Virginia Code § 61-8D-5 for having sexual relations with a student in a house that he was remodeling. The trial court denied Mr. Edmonds's motion to dismiss all counts of the indictment at the close of the State's case in chief and ruled that his status under West Virginia Code § 61-8D-5 was a jury issue. 226 W.Va. at 466, 702 S.E.2d at 410. Relying upon our holding in *Stephens*, we emphasized that a person's status under West Virginia Code § 61-8D-5 is a question of fact for the jury. 226 W.Va. at 468, 702 S.E.2d at 412. We further observed, citing our opinion in *Collins*, that whether the defendant was a custodian of the child victim under West Virginia Code § 61-8D-5 was a question properly decided by the jury. 226 W.Va. at 468, 702 S.E.2d at 412.[8]

---

[8]We further observed that the trial judge

> read the definition of "person in a position of trust" to the jury and defense counsel had a full opportunity to argue his position to the jury that the defendant was not a "person in a position of trust" under this definition. We find that this issue was properly decided by the jury. The State presented sufficient evidence supporting the jury's conclusion that the defendant was a "person in a position of trust" to [the victim].

226 W.Va. at 469, 702 S.E.2d at 413.

12

Soon after issuing our opinion in *Edmonds*, we issued another opinion involving a conviction under West Virginia Code § 61-8D-5 in *State v. Longerbeam*, 226 W.Va. 535, 703 S.E.2d 307. Like the earlier cases, the issue on appeal was whether the evidence at trial was sufficient for the jury to find that Mr. Longerbeam's relationship with the child victim fell within the parameters of the statute. 226 W.Va. at 538, 703 S.E.2d at 310. Notwithstanding the circuit court's and Mr. Malay's contrary interpretation, this Court did in *Longerbeam* exactly what it did in *Stephens*, *Cecil*, *Collins* and *Edmonds*—reviewed the sufficiency of the evidence at trial. Unlike *Stephens*, *Cecil*, *Collins* and *Edmonds* wherein this Court found the evidence at trial was sufficient to convict, in *Longerbeam*, upon reviewing the evidence at trial, we concluded that "there was insufficient evidence to convict [Mr. Longerbeam] for committing an offense under West Virginia [Code] §61-8D-5(a) as either a 'custodian' or a 'person in a . . . position of trust,'"[9] and that the trial court erred by not granting Mr. Longerbeam's post-trial motion for an acquittal.[10] 226 W.Va. at 542, 703 S.E.2d at 314. As *Longerbeam* and each of the previously discussed cases applying West

_____

[9]Justices Workman and Benjamin dissented as both believed the evidence at trial was sufficient to convict. Justice Workman cited *Edmonds*, *Collins*, *Cecil*, and *Stephens*, *supra*, stressing that the question of a criminal defendant's status under § 61-8D-5 is a question for a jury to determine.

[10]In ruling on a motion for acquittal under Rule 29 of the West Virginia Rules of Criminal Procedure, a trial court reviews the sufficiency of the evidence at trial. *See State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) ("A motion for judgment of acquittal challenges the sufficiency of the evidence. Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)."). The trial court denied Mr. Longerbeam's motion for acquittal, clearly believing the evidence sufficient to convict. On appeal, the majority of this Court disagreed.

13

Virginia Code § 61-8D-5 demonstrate, these cases are fact-intensive by nature.[11]  Indeed, the

fact-intensive nature of this inquiry is reflected in the statutory definitions of "custodian" and

"person in a position of trust."  *See supra* notes 4 and 5.

Our prior case law reflects that a defendant's status when charged with a

violation of West Virginia Code § 61-8D-5 has always been an issue for the jury to

determine.  Other jurisdictions agree that whether a person occupies a position of trust in

relation to a child is question of fact for a jury to determine.  *See, e.g., Halliday v. State*, 386

S.W.3d 51, 55 (Ark.App. 2011) (addressing sex crime charged under Arkansas statute and

finding "it was within the jury's province to determine appellant's guilt based on his position

of trust or authority over the [child] victim."); *People v. Luman*, 994 P.2d 432 (Colo. App.

1999) (reversing conviction and finding that if state presents similar evidence on retrial of

defendant, jury could conclude that defendant was in position of trust relative to child victim

within the meaning of applicable statute); *People v. Rebecca*, 969 N.E.2d 394, 430

(Ill.App.Ct. 2012) (McLaren, J., dissenting) (stating that "[w]hether a 'position of trust'

---

[11]Following *Longerbeam*, we have addressed West Virginia Code § 61-8D-5 in memorandum decisions and upheld convictions finding the evidence at trial sufficient to convict. *See State v. Smith*, No. 12-0955, 2013 WL 3184769 (W.Va. June 24, 2013) (relying upon *Stephens*); *State v. Adams*, No. 12-0108, 2013 WL 2157835 (W.Va. May 17, 2013) (citing both *Longerbeam* and *Edmonds*); *State v. Lamarr*, No. 11-1416, 2013 WL 1501073 (W.Va. Apr. 12, 2013); *State v. Keller*, No. 12-0269, 2013 WL 500170 (W.Va. Feb. 11, 2013) (citing *Stephens*)*; State v. Simons*, No. 11-0917, 2012 WL 3079097 (W.Va. Apr. 16, 2012).

exists is a question of fact for the jury to decide[,]" and concluding that deficiencies in indictment coupled with evidence at trial could have led jury to find that defendant did not hold position of trust in relation to minor victims); *People v. Reynolds*, 689 N.E.2d 335, 341 (Ill.App.Ct. 1997) (stating that determination of whether accused held a position of trust, authority or supervision in relation to the minor victim under Illinois statute was question of fact for jury when "more than one inference may be drawn [from the evidence]."); *Boone v. Com.*, No. 2011-CA-001359-MR, 2013 WL 5663089, at *5 (Ky. Ct. App. Oct. 18, 2013) (addressing Kentucky statute and stating "[t]he first conclusion we reach . . . is that whether a defendant is a person in a position of authority or special trust [over a minor] is a question of fact for the jury."); *Campbell v. State*, 125 So.3d 46 (Miss. 2013) (reviewing evidence at trial and totality of circumstances to determine whether evidence was sufficient for jury to conclude that defendant was in position of trust or authority over minor victim); *State v. Tanner*, 221 P.3d 901 (UT 2009) (holding that question of whether appellant school-bus driver was person in position of special trust in relation to child under Utah statute was question for jury).

Based on all of the above, we now hold that the question of whether a person charged with a crime under West Virginia Code § 61-8D-5 (2010) is a custodian or person

15

in a position of trust in relation to a child is a question of fact for the jury to determine.

Accordingly, the parties' fact-based allegations are beyond the scope of our purpose today.[12]

With regard to the issuance of writs in criminal cases, this Court has previously held that

> [t]he State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy

---

[12]In support of its argument, the State relied upon cases from other jurisdictions where defendants were determined to be in positions of trust in relation to their child victims through their occupations. We acknowledge that other courts have upheld jury verdicts finding school bus drivers to be in positions of trust in relation to their child victims. *See, e.g., State v. Hanson*, No. A03-1020, 2004 WL 1557591, at *6 (Minn. App. 2004) (addressing prosecutor's allegedly inflammatory closing argument and finding that "as a school-bus driver, appellant held a position of trust. In his capacity as the bus driver, appellant was responsible for getting the children safely to school. Further, the children's parents trusted the bus driver to do just that. In this case, the state's theory was that appellant took advantage of this trust to abuse the children. The prosecutor's remarks were an accurate description of the facts based on the evidence introduced at trial."); *State v. Tanner*, 221 P.3d 901 (addressing challenge to sufficiency of evidence and finding that defendant school bus driver could be in position of special trust to child victim because he occupied a position of authority over victim; was responsible for victim's safety; and had ability to discipline students). *Cf. Doe v. Texas Ass'n of School Boards, Inc.*, 283 S.W.3d 451 (Tex.App. 2009) (acknowledging mother's allegations in civil action arising out of criminal sexual conduct that defendant used information and authority he gained through his position as child victim's school bus driver to sexually assault her in her home). Currently, we only have before us the narrow issue of whether a defendant's status under West Virginia Code § 61-8D-5 is a question of fact for a jury to determine.

trial. Furthermore, the application for a writ of prohibition must be promptly presented.

Syl. Pt. 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992). Upon our review of the record presented and in consideration of our holding herein, we find that a writ of prohibition is the appropriate remedy and that the State has established its entitlement to the issuance of the writ. *Id.*; Syl. Pt. 2, *Mazzone,* 214 W.Va. at 148, 587 S.E.2d at 124; Syl. Pt. 2, *Woodall*, 156 W.Va. 707, 195 S.E.2d 717.

## IV. Conclusion

Based upon the foregoing, this Court finds that the State is entitled to relief in prohibition as the trial court exceeded its legitimate authority in dismissing six counts of the indictment charging Mr. Malay with sexual abuse by a parent, guardian, custodian or person in a position of trust pursuant to West Virginia Code § 61-8D-5. Accordingly, the portion of the circuit court's November 12, 2013, order dismissing those six counts is vacated, and this action is remanded for further proceedings consistent with this opinion.

Writ granted.

17