Cite as 2020 Ark. App. 556

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR–20–151

STEVEN JAMES CASH

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** December 9, 2020

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. 26CR-17-523]

HONORABLE JOHN HOMER
WRIGHT, JUDGE

REVERSED AND REMANDED

## BRANDON J. HARRISON, Judge

A Garland County jury convicted Steven Cash of committing a second-degree sexual assault against NS but acquitted him of rape. Cash appeals the conviction and argues that the court mistakenly instructed the jury to consider whether he committed a sexual assault—a crime the State had never charged him with committing and a decision that prejudiced him under the law. We agree with Cash and must therefore reverse the conviction.

I.

The original felony information the State filed against Cash alleged that he "engage[d] in sexual intercourse or deviate sexual activity with another person who is less than fourteen (14) years of age, to-wit: the Defendant engaged in sexual intercourse or deviate sexual activity with a nine (9) year old female[.]" The prosecutor later amended the information to request an enhanced punishment given Cash's prior felony convictions. But

the amended information did not add an additional violation of the substantive criminal law beyond the rape charge that the first information had charged.

The circuit court scheduled a jury trial, which was held in August 2019.

Two days before the trial date, Cash's lawyer proffered a jury instruction on the (uncharged) crime of second-degree sexual assault in addition to a jury instruction on the charged crime of rape. At the same time, the State also submitted separate instructions on the separate crimes of second-degree sexual assault and rape.

Once convened, the matter was tried to the jury as a rape case. During the trial, Cash moved the circuit court to direct a verdict in his favor and dismiss the rape charge for lack of sufficient evidence. The motion focused solely on the charged offense of rape. Cash argued, in part, that there was insufficient evidence of penetration under the rape statute.[1] The State opposed the motion, and the court denied it.

After Cash's motion for a directed verdict was denied, the court turned to the parties' proposed jury instructions. It was then that the prosecutor asked to withdraw the State's proposed instruction on sexual assault. The prosecutor stated that only a rape instruction

---

[1]Arkansas Code Annotated section 5-14-103(a)(3)(A) (Supp. 2019) provides that a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. "Deviate sexual activity" is defined as any act of sexual gratification involving:

> (A) The penetration, however slight, of the anus or mouth of a person by the penis of another person; or

> (B) The penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person[.]

Ark. Code Ann. § 5-14-101(1) (Repl. 2019).

2

should be given to the jury. The prosecution reasoned that because the victim had clearly testified about penetration, the case "should be submitted as a rape only." Cash disagreed arguing that the victim's testimony "could be implied to mean that there was no penetration, just [an outward] touching"; therefore, the jury could reasonably conclude that a second-degree sexual assault had occurred, but not a rape. The court ruled that it was going to "leave the lesser included in." The transcript's context is clear that the court was referring to Cash's proposed second-degree sexual-assault instruction when it said it was going to "leave the lesser included in."

The court orally instructed the jury to determine whether Cash committed a rape or a sexual assault. Then the parties began their closing arguments. During the State's closing argument, however, the prosecuting attorney stopped part way through and asked for a bench conference. The prosecutor told the court during the sidebar that a separate lawyer on the State's trial team had informed her that second-degree sexual assault was not a lesser-included offense of rape. The prosecutor also told the court that, in a prior case involving a different defendant, the State had obtained a favorable verdict on a rape charge case but that it was reversed by the Arkansas Supreme Court because the jury was mistakenly instructed that second-degree sexual assault was a lesser-included offense of rape. The prosecutor asked the court for a moment to "get the case pulled." The court then asked Cash's attorney, "Do you have anything to say about that, Mr. Beckham?" Cash's attorney replied, "I'm not familiar with the case, Your Honor." The court then said, "[P]roceed. We'll talk about it."

3

Before presenting his closing argument to the jury, Cash asked the court if it was going to allow the jury to deliberate on a second-degree sexual-assault charge under the challenged premise that it was a lesser-included offense of rape. The court answered, "I'm gonna keep it." During his closing, Cash's lawyer argued that the State did not sufficiently prove that a penetration had occurred, which included the statement there was "no penetration and that's why [the alleged victim] didn't claim any pain. And if that's the case, then you have sexual assault in the second degree."

After deliberating for approximately one hour, the jury returned a verdict of guilty for second-degree sexual assault but acquitted Cash of having raped NS. The parties declined to poll the jury.

Having received the signed verdict forms from the jury, the circuit court asked the parties, "Does anybody have a record they want to make before we go forward?" The prosecutor answered, "The State's position, based on the case law that was provided to the court, that's not a legal sentence." The court responded:

> I know. Well, you say it's not a legal verdict, but I'd already submitted it to the jury when you brought your position to my attention . . . so I let the instructions stand and the jury went with that[.]

The court then imposed, on the jury's recommendation, a sentence of thirty years' imprisonment and a $15,000 fine. Cash appeals his conviction for second-degree sexual assault and the resulting sentence.

## II.

Cash contends that the jury was tasked with deciding whether he committed a crime for which he was never charged (a sexual assault) and that this event meets an exception

4

under *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Alternatively, Cash says that the erroneous instruction was a structural error of such importance that it tainted the entire trial and rendered the jury's verdict unconstitutional. He specifically argues that the court's decision violated his rights under the Due Process clause of the Fourteenth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution. Part of this argument includes the point that the State failed to prove beyond a reasonable doubt the victim's age and that the victim was not Cash's spouse.

The State has wholly changed its tune on appeal. Instead of standing by the trial prosecution's concession that a reversible error had been injected into the trial process when the jury was given an instruction on sexual assault under the circumstances, it now argues that we should affirm the jury verdict and the court's judgment. The State says that Cash proposed the instruction, failed to object to the court's giving it, and the problem is a jury-instruction error that is not subject to a *Wicks* exception. The State cites *Halliday v. State*, 2011 Ark. App. 544, 386 S.W.3d 51, for the proposition. The State also argues that Cash failed to preserve a sufficiency challenge to the sexual-assault conviction; and even if he did, substantial evidence in the record supports it.

A.

Three fundamental points decide this appeal in Cash's favor. First, the State never charged Cash with committing the crime of sexual assault in the second degree. This point is undisputed and warrants no further discussion because nothing more can be said. It is also undisputed here that second-degree sexual assault is not a lesser-included offense of rape. Our supreme court so stated in *Webb v. State*, 2012 Ark. 64. In *Webb*, the court held

that "second-degree sexual assault does not meet the definition of a lesser offense included in rape" of a person less than fourteen years of age. *Id.* at 4. Because the sexual-assault charge was not a lesser-included offense of rape, the State had to formally charge the crime in an information.[2] But the State never did so. Not before the trial and not during the trial by way of an amendment. The third core point favoring Cash is that the circuit court was timely warned by a party that submitting the sexual-assault instruction as a lesser-included offense of rape was reversible error. The prosecution at the circuit-court level was correct

---

[2]A trifecta of state-law sources supports the principle that when a crime is not a lesser-included offense then it must be separately charged. First, the state constitution supports it. *See* Ark. Const. of 1874, art. 2, § 8 (amended 1935) (Felonies must be charged by criminal information or indictment by the prosecuting attorney.); Ark. Const. art. 2, § 10 (1874) (guaranteeing criminal defendants the fundamental right to be "informed of the nature and cause of the accusation").

Second, statutes support it. *See* Ark. Code Ann. § 16-89-126(e)(1) (Repl. 2005) ("Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment and may be found guilty of any offense included in that charged in the indictment."); Ark. Code Ann. § 5-1-110 (Repl. 2013) (A defendant may not be convicted of more than one offense if one offense is included in the other offense.).

Third, the Arkansas Supreme Court has granted relief in accord with the basic principle on which we partially rely. *See Robbins v. State*, 219 Ark. 376, 242 S.W.2d 640 (1951) (A defendant may not be convicted of a felony that is not charged in the criminal information.); *Mullins v. State*, 303 Ark. 695, 799 S.W.2d 550 (1990) (granting postconviction relief to defendant who was charged with capital felony murder but convicted of aggravated robbery; aggravated robbery was not a lesser-included offense of the charged crime); *McGrew v. State*, 338 Ark. 30, 991 S.W.2d 588 (1999) (A circuit court cannot amend a current charge or bring a new charge against a defendant.); *Bosnick v. State*, 248 Ark. 846, 454 S.W.2d 311 (1970) (The State cannot charge the defendant with one class of murder and then prove a different class of murder.).

6

when it acted as a "minister of justice"[3] and apprised the circuit court during a sidebar—and again after the guilty verdict was returned—that a reversible error had occurred.

As to the State's argument on appeal that Cash did not object to the errant instruction, it is true that our supreme court has previously held that an "objection was necessary" to preserve the issue that a defendant has been convicted of a different crime than that with which he was charged. *Moore v. State*, 303 Ark. 514, 798 S.W.2d 87 (1990), *overruled, in part, on other grounds by Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003). But here, there were two objections, and both were made by the prosecution itself no less. So *Moore*'s requirement that an objection be made to alert the circuit court to an error was met.

Nothing in this court's caselaw prevents a reversal, either. Consider *Halliday v. State*, 2011 Ark. App. 544, 386 S.W.3d 51, for example. In *Halliday*, the defendant was only charged with sexual assault in the first degree. Yet the circuit court gave the jury a verdict form on the crime of sexual indecency with a child. The sexual-indecency crime had never been charged, however, and it was not a lesser-included offense of the first-degree sexual-assault charge that was filed. Halliday did not object to the jury instruction on sexual indecency when it was given, but he did appeal the conviction. We held that the circuit court had no duty to address, on its own initiative, that an instruction was given to the jury

---

[3]Comment 1 to Rule 3.8 of the Arkansas Rules of Professional Conduct states:

> A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence.

on a crime for which Halliday had never been charged and was not a lesser-included offense to the only crime charged in the information. And we rejected the defendant's argument that the error met a *Wicks* exception. Instead, we held that the defendant had procedurally defaulted because he failed to object when the jury was instructed on the uncharged crime of sexual indecency. This case is different. Unlike *Halliday*, there were two objections to the errant instruction in this case.

In *Muhammad v. State*, 2019 Ark. App. 87, 572 S.W.3d 21, we held that the defendant was not entitled to relief when an erroneous jury instruction was given that he would become eligible for parole after serving 70 percent of his sentence when, in fact, he had to serve 100 percent and would not be eligible for parole. Like *Halliday*, we reasoned that the instruction error was not so flagrant and highly prejudicial in character such that a circuit court was duty bound to instruct the jury correctly in the absence of a contemporaneous objection. This case is different for two reasons. The percentage of a potential sentence that a defendant might serve is not at issue here. And the court in this case received two timely objections to a jury instruction.

To sum up: neither the defendant nor the State objected to the jury-instruction process in *Halliday* or *Muhammad* before the jury deliberated or after it had returned a guilty verdict on a crime that had never been formally charged. But this record plainly contains objections to the jury-instruction process before the jury deliberated and again after it had returned its guilty verdict.

Assuming for the sake of argument that a defendant must be the one who objects for purposes of the *Moore* and *Halliday* line of cases, then we hold that Cash has met a *Wicks*

8

exception. On rare occasions, the law recognizes an error so patent that the circuit court has a "duty to intervene, without objection, and correct a serious error either by an admonition to the jury or by ordering a mistrial." *Wicks v. State*, 270 Ark. 781, 786, 606 S.W.2d 366, 369 (1980). This is one of those cases. Given that the State informed the court of the mistake, and the court subsequently failed to act, the error here was "so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly." *Rackley v. State*, 371 Ark. 438, 440, 267 S.W.3d 578, 580 (2007) (quoting *Springs v. State*, 368 Ark. 256, 261, 244 S.W.3d 683, 687 (2006) (discussing the third *Wicks* exception)).

## B.

We end with the sentencing order. Cash's sentence is illegal on its face because the thirty-year sentence the court imposed in its sentencing order is too long for a Class B felony conviction given that nothing is checked in the habitual-offender box on the sentencing order. *Radford v. State*, 2018 Ark. App. 89, 538 S.W.3d 894. That error is purged by our decision to reverse and vacate Cash's conviction on the crime of sexual assault in the second degree.

## III.

The sentencing order entered on 27 August 2019 is reversed and vacated. We direct the circuit court to enter a new order to reflect that Cash was acquitted on the rape charge. No mention of a sexual-assault charge is to be included in the new sentencing order. The case is remanded for these purposes and for any other proceeding consistent with this opinion and the law.

Reversed and remanded.

GRUBER, C.J., and GLADWIN, J., agree.

*Tyson Kane Spradlin*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.