# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0801** (Preston County 13-F-65)

**Stephen H.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Stephen H., pro se, appeals the Circuit Court of Preston County's May 13, 2015, order sentencing him to several years of incarceration following his conviction on multiple counts of sexual crimes.[1] The State, by counsel Nic Dalton, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his Rule 29 motion for an acquittal; there was insufficient evidence to support his conviction; respondent committed prosecutorial misconduct that prejudiced him; the jury instructions were erroneous and did not fully reflect the law; the supplemental jury instructions were improperly provided; and respondent erroneously applied the law to convict him. Petitioner also alleges ineffective assistance of trial counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, petitioner was indicted on thirteen counts: two counts of sexual abuse by a parent, custodian, or person in a position of trust; one count of use of obscene matter with intent to seduce a minor; and ten counts of soliciting a minor via computer. In July of 2010, the victim, then sixteen years old, started treatment at petitioner's chiropractic clinic. The scheduled treatments were conducted three times per week, for three months. During one of those visits, the victim's grandmother and petitioner began discussing the subject of horses. To further communicate on the subject of horses, the victim gave petitioner her e-mail address. In

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

October of 2010, the victim started receiving several e-mails from petitioner per month in an attempt to solicit the victim into engaging in sexual acts. Petitioner also requested nude pictures of the victim via e-mail and he attempted to lure the victim out of her home to meet him. Also in October of 2010, during an office visit, petitioner groped the victim's buttocks and breasts after an x-ray examination.

In January of 2015, after a jury trial, petitioner was found guilty on all thirteen counts. Following the verdict, the circuit court sentenced petitioner to the following sentences: not less than two nor more than ten years of incarceration for counts two, three, five, six, and seven of the indictment for soliciting a minor via computer, to run concurrently; not less than two nor more than ten years of incarceration for counts eight, nine, eleven, twelve, and thirteen, to run concurrently to each other, but consecutively to counts two, three, five, six, and seven; three years of incarceration for one count of use of obscene matter with intent to seduce a minor, to run concurrently with counts two, three, five, six, and seven for soliciting a minor via computer; and not less than ten nor more than twenty years of incarceration for two counts of sexual abuse by a parent, custodian, or person in a position of trust, to run consecutively to all the other sentences. However, the circuit court suspended petitioner's sentence for sexual abuse by a parent, guardian, or person in a position of trust and placed him on probation for a period of five years. Petitioner was also ordered to serve a ten year period of extended supervised release upon the expiration of all other sentences of imprisonment or parole. It is from this May 13, 2015, sentencing order that petitioner now appeals.

We have previously set forth the following standard of review:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Upon our review, we find no error in the circuit court's rulings below.

We begin by addressing petitioner's ineffective assistance of counsel claim. We have previously held that

> "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim."

2

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). In the same vein, we have also held that

> [t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*State v. Miller*, 194 W.Va. 3, 15, 459 S.E.2d 114, 126 (1995). On appeal, petitioner argues that his trial counsel was ineffective because counsel "objected only four times during a three-day trial," petitioner was not allowed to approach the bench with his counsel, and counsel did not arrange an independent forensic examination of petitioner's computer. As such, the record in petitioner's direct appeal is insufficient to determine if trial counsel's decisions were strategic or ineffective. Thus, we decline to address petitioner's claim on direct appeal.

Next, petitioner argues that the circuit court erred in denying his motion for an acquittal in a matter with uncontested facts pursuant to Rule 29 of the West Virginia Rules of Criminal Procedure.[2] Specifically, petitioner contends that respondent did not prove that he had custody or control over the computer used to solicit a minor. Essentially, petitioner is arguing that there was insufficient evidence to convict him on eleven of the thirteen charges before the jury. Upon our review, we find no error in the circuit court's denial of petitioner's Rule 29 motion for an acquittal.

When discussing a motion for an acquittal, we have previously held that

> [t]he trial court's disposition of a motion for judgment of acquittal is subject to our *de novo* review; therefore, this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt.

*State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). We have also held that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be

---

[2]Rule 29 of the West Virginia Rules of Criminal Procedure provides, in part, "[t]he court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses . . . ."

inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). It is clear from the record that the evidence before the jury was more than sufficient for it to find him guilty on all charges.

At trial, the minor victim testified that she gave petitioner her e-mail address so that he could give her information about horses. The victim further testified that, over a period of months, petitioner sent numerous e-mails in an attempt to engage her in sexual exploitation and sexual contact. She testified as to the sexually explicit content of the e-mails from petitioner. A forensic officer also testified that the sexually explicit e-mails were traced to petitioner's home and/or office computer. Petitioner admitted to owning the e-mail account and sending illicit e-mails to the victim. The victim also testified that petitioner "groped" her breasts and buttocks following an examination at petitioner's chiropractic office. As outlined above, there was sufficient evidence for the jury to find, as it did, that petitioner committed the sexual offenses as charged in the thirteen-count indictment. As such, we find no error in this regard.

Petitioner also contends that he was not a "person in a position of trust" as charged in several counts of the indictment. According to West Virginia Code § 61-8D-1(13)

[a] 'person in a position of trust in relation to a child refers to any person who is acting in the place of a parent and charged with any of a parent's rights, duties or responsibilities concerning a child or someone responsible for the general supervision of a child's welfare, or any person who by virtue of their occupation or position is charged with any duty or responsibility for the health, education, welfare, or supervision of the child.'

Specifically, petitioner argues that because he was a licensed chiropractor in the State of West Virginia and not a licensed chiropractor in the State of Pennsylvania, where the victim resided, he could not have provided health care to the victim because he was not licensed in the victim's home state. As such, petitioner argues that he could not be considered a person in a position of trust under the statute. The Court, however, disagrees. We have held that "[t]he question of whether a person charged with a crime under West Virginia Code § 61–8D–5 (2010) is a custodian or person in a position of trust in relation to a child is a question of fact for the jury to determine." Syl. Pt. 4 *State ex rel. Harris v. Hatcher*, ___ W.Va. ___, 760 S.E.2d 847 (2014). Ultimately, the circuit court correctly permitted the jury to make this determination and the jury found that petitioner was a person in a position of trust when it convicted on all counts. As such, we find no error in the circuit court's denial of petitioner's Rule 29 motion for acquittal.

Next, petitioner argues that the evidence was insufficient to convict him. Specifically, petitioner argues that the victim was "under someone else's care." However, the Court notes that this claim is essentially identical to petitioner's allegation that the circuit court failed to grant his motion for acquittal. As stated above, the analysis for a motion for acquittal looks to the

4

sufficiency of the evidence in a light most favorable to the State. With that analysis in mind, respondent clearly presented sufficient evidence for the jury to return a guilty verdict against petitioner on all thirteen counts of the indictment. *Guthrie*, 194 W.Va. at 669, 461 S.E.2d at 175, Syl. pt. 3. As set forth above, the jury properly determined that petitioner was a person in a position of trust necessary to find him guilty of that crime. As such, we find no error in the circuit court's denial of petitioner's motion for acquittal.

With regard to petitioner's allegation that the prosecuting attorney committed misconduct that prejudiced him, we find no error. Petitioner argues that, in his closing arguments, the prosecuting attorney "misled the jurors and provided erroneous information that prejudiced [him] in a critical area involving alleged care." According to petitioner, the prosecuting attorney argued that the victim was still under petitioner's care when, in fact, his care of the victim had ended. Those statements directly opposed the victim's own testimony. In short, petitioner contends that because the victim was no longer is his care, he was no longer a person of trust and that the prosecutor's remarks constitute misconduct. However, we disagree.

Regarding improper remarks, we have held that "[a] judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. Pt. 5, *State v. Sparks*, 171 W.Va. 320, 298 S.E.2d 857 (1982). We have also held that

> [f]our factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Syl. Pt. 6, *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995).

It is clear from the record, as stated above, that petitioner accepted the victim as a patient and the victim actively visited petitioner's office for chiropratic care. Further, it is unclear how the closing statements to which petitioner points prejudiced him or resulted in manifest injustice. The jury was presented with sufficient evidence and instructions on the law, and made a decision regarding petitioner's role as a person in a position of trust. As such, we find no merit in petitioner's claim that he was prejudiced by improper remarks.

Next, petitioner argues that the jury instructions were erroneous and did not properly and fully reflect the law. Specifically, petitioner contends that the circuit court failed to include an instruction that the victim, at the time of the solicitation, had to be under the "care, custody, and control" of petitioner. Essentially, petitioner argues that the solicitation instruction was improper because it did not define parent, custodian, or person in a position of trust a second time. The Court notes, however, that petitioner conflates the terms of his separate charges. Regarding jury instructions, we have held that

> [j]ury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misled by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. The trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law.

*Guthrie*, 194 W.Va. at 671, 461 S.E.2d at 177.

The record demonstrates that petitioner was charged with two counts of sexual abuse by a parent, custodian, or person in a position of trust; one count of use of obscene matter with intent to seduce a minor; and ten counts of soliciting a minor via computer. The jury instructions clearly laid out the elements of sexual abuse by a parent, custodian, or person in a position of trust, use of obscene matter with intent to seduce a minor, and soliciting a minor via computer. The jury instructions defined each element for the above stated charges and the jury was also instructed that the soliciting charge required the intent to commit sexual abuse. The jury instructions accurately defined parent, custodian, or person in a position of trust under the instruction on sexual abuse by a parent, custodian, or person in a position of trust. Contrary to petitioner's argument, there is no requirement under *Guthrie* that the terms parent, custodian, or person in a position of trust be defined again simply because it is also part of a subsequent charge. Accordingly, the jury's instructions were sufficient when "reviewed as a whole." *Id*. Therefore, we find no error in the circuit court's instructions to the jury.

Next, petitioner argues that the supplemental instructions on venue were only read to the jury, rather than submitted in writing. In support of his argument, petitioner cites to West Virginia Code § 56-6-19 and contends that it requires the circuit court to submit all jury instructions in writing. We disagree and have previously held that

> venue is not a fact which relates to the guilt or innocence of the accused. It is therefore not a substantive element of the crime and need not be proved beyond a reasonable doubt. We conclude that the State in a criminal case may prove the venue of the crime by a preponderance of the evidence, and is not required to prove the same beyond a reasonable doubt.

*State v. Burton*, 163 W. Va. 40, 59-60, 254 S.E.2d 129, 141 (1979). We have also held that the requirement in West Virginia Code § 56-6-19 that "a trial court . . . submit in writing all proposed jury instructions to counsel for both parties, applies only to instructions which relate to material issues in the case, and does not apply to a supplemental instruction to the jury . . . ." Syl. Pt. 4, in part, *State v. Hobbs*, 168 W. Va. 13, 282 S.E.2d 258 (1981).

It is clear from the record that the jury asked the circuit court if one of the e-mails sent by petitioner had to "originate or be received in Preston County." The circuit court proceeded to read the venue statute, West Virginia Code § 61-3C-18, which provides that "any violation of this article shall be considered to have been committed . . . [i]n the county in which the aggrieved owner or the defendant resides or either of them maintains a place of business." As stated above, venue is not a material issue or a substantive element of petitioner's crimes. Therefore, the

circuit court correctly provided the jury with the supplemental instruction necessary for their continued deliberation. Moreover, the record establishes that Preston County was the correct venue. Thus, the circuit court did not err in providing supplemental oral instruction to the jury.

Finally, with regard to petitioner's allegation that he was erroneously convicted of sexual abuse by a parent, guardian, or person in a position of trust under West Virginia Code § 61-8D-5, we find no error. In support, petitioner argues that the statute requires that he and the victim share the same physical space to sustain such a conviction. According to petitioner, he was not in the victim's physical presence because he used a computer to solicit the victim and, therefore, could not be guilty of sexual abuse. Petitioner further argues that his conviction pursuant to this statute was not what the West Virginia Legislature intended because, he asserts, it intended that physical harm to the child is required.

West Virginia Code § 61-8D-5 provides, in part, that

> [i]f any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct, then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony . . .

Contrary to petitioner's argument, there is no requirement in the statute that the victim be physically harmed. Petitioner misconstrues our ruling in *State v. George K.*, 233 W.Va. 698, 760 S.E.2d 512 (2014), to support his notion that physical harm to the victim is a component of the offense of sexual abuse by a parent, guardian, custodian, or person of trust. Moreover, the evidence established that petitioner sexually abused the victim in person, rendering his argument meritless.

In *George K.*, petitioner was convicted of two counts of third-degree sexual assault pursuant to West Virginia Code § 61-8B-5(a)(2) and two counts of sexual abuse by a custodian pursuant to West Virginia Code § 61-8D-5. *George K.,* 233 W.Va. at 702, 760 S.E.2d at 516. On appeal, defendant argued that the circuit court erred by finding that the crimes with which he was charged involve an act of violence pursuant to West Virginia Code § 27-6A-3(h). *George K.,* 233 W.Va. at 703, 760 S.E.2d at 517.We ultimately held that because sexual assault and sexual abuse are crimes that cause severe emotional and psychological harm to children, the acts involved in such crimes constitute "acts of violence" within the meaning of West Virginia Code § 27-6A-3. *George K.,* 233 W.Va. at 706, 760 S.E.2d at 520.

In the case at hand, petitioner incorrectly cites to our holding in *George K.* as proof of the requirement of physical harm to the victim to sustain a conviction under West Virginia Code § 61-8D-5. Contrary to petitioner's assertion, we concluded in *George K.* that the sexual abuse and assault of children had the great potential to cause a victim severe physical, psychological, and

emotional harm, not that there must be proof of a victim's physical, psychological, and emotional harm. It is clear from the record that petitioner groped the victim's breasts and buttocks following an examination at his office, he sent numerous e-mails in an attempt to engage the victim in sexual exploitation and sexual contact, the sexually illicit e-mails were traced to petitioner's home and/or office computer, and he admitted to owning the e-mail account and sending illicit e-mails to the victim. As such, we find no error in petitioner's conviction pursuant to West Virginia Code § 61-8D-5.

For the foregoing reasons, the circuit court's May 13, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II