SLIP OPINION

Cite as 2017 Ark. 70

# SUPREME COURT OF ARKANSAS

No. CR–16–615

| | |
|---|---|
| COURTNEY JARRELL DOUGLAS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: March 2, 2017<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-15-324]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

A Union County jury found appellant Courtney Douglas guilty of first degree murder and possession of a firearm by certain persons. On the murder charge, he received a sentence of life imprisonment plus an additional fifteen years for use of a firearm. On the possession-of-a-firearm charge, he received forty years and a fine of $15,000. For reversal, Douglas asserts that the circuit court erred by (1) denying his motion for new trial because court security had barred members of his family from the courtroom during voir dire and (2) denying his request to instruct the jury on manslaughter and justification. After considering his arguments, we affirm.

In August 2015, Douglas and Terrance Billings got into a dispute at the home where Douglas was staying. After the argument, Billings returned to his home. However, Douglas decided he wanted to talk with Billings some more about the disagreement and shortly thereafter went to Billings's home. When he arrived, Billings met Douglas at the door, and an altercation began on Billings's front porch. Douglas shot Billings, who died at the scene.

Douglas first argues on appeal that the circuit court erred in denying his motion for new trial because court security denied members of his family entry into the courtroom during voir dire. The decision whether to grant or deny a motion for new trial rests with the sound discretion of the circuit court, and we will not reverse unless there is a manifest abuse of discretion. *Holloway v. State*, 363 Ark. 254, 213 S.W.3d 633. A circuit court's factual determination on a motion for new trial will not be reversed unless clearly erroneous. *Id*. As we have repeatedly stated, issues of witness credibility are for the trial courts to weigh and assess; we will defer to their superior position. *Id*.

First, we must address the State's allegation that this issue is not preserved for appeal because Douglas failed to object at the time the alleged violation occurred. To preserve an issue for appeal, a defendant must object at the first opportunity, and a motion for mistrial must likewise be made at the first opportunity. *Jordan v. State*, 2012 Ark. 277, 412 S.W.3d 150. To be timely, an objection must be contemporaneous, or nearly so, with the alleged error. *Schnarr v. State*, 2017 Ark. 10. However, as we recently stated in *Schnarr*, "[l]ike other fundamental rights, a right to a public trial may be relinquished only upon a showing that the defendant knowingly and voluntarily waived such a right." *Id*. at 6 (citing *Walton v. Briley*, 361 F.3d 431, 434 (7th Cir. 2004)).

Here, one of Douglas's family members testified that she did not tell his trial attorney that she had been refused entry into the courtroom during voir dire. She first made his counsel aware of the issue after the trial ended. The State offered no evidence to contradict this testimony or otherwise assert that Douglas knew of the potential violation before the

SLIP OPINION

trial ended. Therefore, we cannot say that Douglas knowingly and voluntarily waived his right to a public trial, and we conclude that the issue is preserved for appellate review.

Turning to the merits of Douglas's argument, in *Schnarr*, we reaffirmed that the right to a public trial extends to voir dire. 2017 Ark. 10, at 7. However, not every closure rises to the level of a constitutional deprivation of this fundamental right. *Id*. In some instances, a closure may be so trivial or *de minimus* that it does not violate an appellant's public-trial rights. *Id*. In evaluating whether a courtroom closure is so *de minimus* that it does not implicate a defendant's Sixth Amendment right to a public trial, we consider length of the closure, the significance of the proceedings that took place while the courtroom was closed, and the scope of the closure. *Id*.

Here, the circuit court, after hearing the testimony of Douglas's family members and court security, and after reviewing video surveillance from inside the courtroom, concluded that there was no closure, not even a *de minimus* one. A circuit court's finding of fact will not be reversed unless clearly erroneous. *Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). The court affirmatively stated that it did not close the courtroom, and there is nothing in the record to suggest otherwise. Some family members claimed court security kept them from entering the courtroom. However, the court found the testimony of the family members was "without credibility," stating their version of events was "just not believable." In its written order, the circuit court further stated that court security "did not prevent the public or defendant's family or friends from access to and/or entry into the courtroom during the voir dire/jury selection process." Accordingly, the circuit court's findings were based primarily on its assessment of the credibility of the witnesses. As the

circuit court is in a superior position to evaluate the credibility of the witnesses, we defer to its assessment of the witnesses' testimony. *See Johnson v. State*, 2015 Ark. 387, 472 S.W.3d 486. Because the court's finding that the courtroom was not closed is not clearly erroneous, we hold that the circuit court did not abuse its discretion in denying Douglas's motion for new trial.

Next, Douglas argues that the circuit court erred in denying his jury instructions on extreme-emotional-disturbance manslaughter and justification. However, he admits that his trial counsel "proffered the wrong instruction for the circumstance" and that the correct jury instructions were not proffered. Our rule is well settled that counsel must object and proffer a jury instruction in order to later appeal the instructions given to the jury. *Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998). We have been hesitant to allow exceptions to this requirement. *Id.* Nevertheless, Douglas asks this court to reverse the judgment pursuant to the third and fourth exceptions espoused in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). The third exception to the contemporaneous-objection rule is when the error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly. *Id.* The fourth exception provides that the appellate courts are not precluded from taking notice of error affecting substantial rights, although they were not brought to the attention of the trial court. *Id.*

We find no merit to Douglas's argument that the third and fourth *Wicks* exceptions apply. The third *Wicks* exception applies only when the "error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly." *Rackley v. State*, 371 Ark. 438, 440, 267 S.W.3d 578, 580

(2007). Douglas cites no cases in which a jury instruction error has been considered by this court on direct appeal in the absence of an objection and proffer of the instruction in the trial court. We conclude that the circumstances presented here do not warrant application of the third *Wicks* exception.

Additionally, the fourth *Wicks* exception involves an evidentiary error that affects a defendant's substantial rights. The issue Douglas raises here concerns a failure to give the proper jury instructions, which is not evidentiary in nature. Thus, his argument does not fall within the fourth *Wicks* exception. Accordingly, we conclude that Douglas's arguments on appeal do not fall within any of our extremely narrow and strictly guarded exceptions to the contemporaneous-objection rule. Therefore, because Douglas failed to bring the errors he avers on appeal to the trial court's attention, they are not preserved for our review.

The record has been reviewed in accordance with Ark. Sup. Ct. R. 4-3(i) and no reversible error has been found.

Affirmed.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.