BRANDON J. HARRISON, Judge
Malachi Muhammad was convicted of first-degree murder and now appeals, arguing that the circuit court erred in (1) instructing the jury that he would become eligible for parole after serving 70 percent *23 of his sentence, (2) not allowing evidence that the victim possessed a concealed-carry license, and (3) allowing the prosecution to make an improper comment during closing arguments. We affirm.
Muhammad was charged with one count of first-degree murder in the shooting death of Robert Ewans. He was also charged with possession of a firearm by certain persons.[1] The State alleged that on 22 April 2016, Muhammad shot Ewans after observing him leaving his (Muhammad's) ex-girlfriend's apartment. After a jury trial in October 2017, Muhammad was convicted of first-degree murder and sentenced to thirty-five years' imprisonment. Muhammad filed a timely notice of appeal from his conviction. He does not challenge the sufficiency of the evidence supporting his conviction, so a detailed narrative of the facts is unnecessary. Specific facts related to each point on appeal will, of course, be discussed below.
I. Parole Eligibility
During the sentencing phase of the trial, the circuit court instructed the jury as follows.
If you sentence Malachi H.S. Muhammad to be imprisoned for a term of years, he will be eligible for parole or transfer to community punishment supervision after he serves 70 percent of the term of his sentence. This percentage of the imprisonment will not be reduced by the earning of meritorious good time during his imprisonment.
Muhammad complains that this instruction was incorrect because he had two prior violent-felony convictions (which included aggravated robbery), and pursuant to Ark. Code Ann. § 16-93-609(a) (Repl. 2016), any person who commits murder in the first degree and who has previously been found guilty of aggravated robbery shall not be eligible for release on parole. At oral argument, the State conceded that the jury instruction was incorrect given Muhammad's prior criminal history.
For his part, Muhammad acknowledges that no objection to the court's instruction was made below. A contemporaneous objection is generally required to preserve an issue for appeal. Bader v. State , 344 Ark. 241, 40 S.W.3d 738 (2001). Our supreme court has, however, recognized four exceptions to the contemporaneous-objection rule; they are commonly referred to as the Wicks exceptions. Wicks v. State , 270 Ark. 781, 606 S.W.2d 66 (1980). The four exceptions are (1) when the circuit court fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) when defense counsel has no knowledge of the error and hence no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly; and (4) Ark. R. Evid. 103(d) provides that the appellate court is not precluded from taking notice of errors affecting substantial rights, although they were not brought to the attention of the circuit court. Buckley v. State , 349 Ark. 53, 76 S.W.3d 825 (2002) (citing Wicks , supra ).
In his brief, Muhammad argues all the Wicks factors. But he abandoned all but one of them during oral argument. We will therefore concentrate on the one remaining Wicks factor in play, which is the third one. The third factor is met when there is an error so flagrant and so highly prejudicial in character that a circuit court was *24 duty bound to instruct the jury correctly whether or not an objection was made. And on this factor, Muhammad simply states that the circuit court failed to "catch" the error and to "intervene in correcting it."[2]
In response, the State cites Douglas v. State , 2017 Ark. 70, 511 S.W.3d 852, in which our supreme court held that the third Wicks factor does not apply to jury-instruction issues:
The third Wicks exception applies only when the "error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly." Rackley v. State , 371 Ark. 438, 440, 267 S.W.3d 578, 580 (2007). Douglas cites no cases in which a jury instruction error has been considered by this court on direct appeal in the absence of an objection and proffer of the instruction in the trial court. We conclude that the circumstances presented here do not warrant application of the third Wicks exception.
Id. at 4-5, 511 S.W.3d at 855.
Wicks presents narrow exceptions that are rarely applied; Arkansas appellate courts have entertained the third Wicks exception only when the error affects the very structure of the criminal trial. Jones v. State , 2017 Ark. App. 286, 524 S.W.3d 1. This exception has been applied in cases involving the right to a twelve-person jury, violations of Arkansas Code Annotated section 16-89-125(e), and a prosecutor's statements during voir dire that have the effect of shifting the burden of proof. Id. Though all the parties agreed that a jury-instruction error occurred during the sentencing phase of this case, Muhammad's complaint does not fit squarely enough into the third Wicks exception-especially given the supreme court's recent decision in Douglas . See also Halliday v. State , 2011 Ark. App. 544, 386 S.W.3d 51 (declining to apply the third Wicks exception to the giving of an erroneous jury instruction, noting that the circuit court gave the jury instructions that it, and the parties, deemed correct). Because the third Wicks exception does not apply to Muhammad's argument and he otherwise failed to object to the instructional error when it occurred, this court cannot provide any relief.
II. Concealed-Carry License
After his arrest, Muhammad admitted shooting Ewans but "claimed that he observed Ewans come out of his girlfriends [sic] (Rickel Johnson's) apartment and when he inquired about why Ewans was there things went bad and Ewans pulled a gun first and he [Muhammad] shot in defense." Muhammad also filed a notice of his intent to present the affirmative defenses of self-defense and justification. At a pretrial hearing, the State objected to any evidence that Ewans had a concealed-carry license because it did not prove that Ewans had a gun with him when he was shot and killed or that he was the aggressor. In fact, the State argued, no firearm was found on Ewans, inside his car, or anywhere near him. Muhammad argued that the evidence was relevant because "if you have a concealed carry permit, then it is more likely that you're going to have a gun in your car, carrying it." The State again denied the evidence had any probative value. The court ruled as follows:
*25 I'm not going to allow the mere fact that he had a permit to carry, that that made him somehow the aggressor in this case when there's no weapon that was found at the scene that belonged to this particular-the only thing we have is a permit.
And I say that would be unduly prejudiced [sic] to the State in this case, to allow us to turn this victim into the aggressor based on the fact that he had a legal permit to carry. And I'm not going to allow that. And I don't want any mention of it because I think it's unduly prejudicial to the State.
Later, after the defense had rested, Muhammad renewed his motion to admit this evidence, which was denied, and the court remarked, "I guess my real problem was with no weapon being found ... and only one person saying they saw it. ... I don't know whether he had it or not. It's not consistent with the case as developed here."
Circuit courts have wide discretion in evidentiary rulings. Davis v. State , 365 Ark. 634, 232 S.W.3d 476 (2006). This court will not reverse a circuit court's ruling on the admission of evidence absent an abuse of discretion; likewise, we will not reverse absent a showing of prejudice. Id. The abuse-of-discretion standard is a high threshold that requires the circuit court to have acted improvidently, thoughtlessly, or without due consideration. Hortenberry v. State , 2017 Ark. 261, 526 S.W.3d 840.
Much of Muhammad's argument on this point is focused on whether the evidence should have been admitted on relevancy grounds; however, the circuit court did not exclude the evidence because it was irrelevant. The circuit court found that the evidence was unduly prejudicial to the State. Addressing that ruling, Muhammad asserts that the court so ruled "without any objection under Ark. R. Evid. 403 by the prosecutor." Muhammad also cites Ark. R. Evid. 104, which generally provides that questions of admissibility must be determined by the court, and he specifically cites subsection (e), which provides that "[t]his rule does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility." Muhammad contends that the existence of Ewans's concealed-carry license is relevant to the credibility of his (Muhammad's) testimony and to the defense's theory of the case and is not overly prejudicial. Consequently, the evidence should have been admitted.
The State responds that absent any evidence that Ewans owned a gun or possessed one at the scene of the crime, the circuit court properly excluded evidence that Ewans (the victim) held a concealed-carry license. The State asserts that the only evidence that the victim had a gun was Muhammad's self-serving testimony and that without any additional evidence of Ewans's ownership of a gun, a concealed-carry license had little probative value and would only invite jury speculation.
We hold that, on this record, the circuit court did not abuse its discretion in excluding the evidence. Muhammad testified and told the jury his version of events; that Ewans held a concealed-carry permit would not have tended to bolster Muhammad's testimony unless the jury speculated that simply holding a permit made it more likely that Ewans had a gun in his possession and aggressed Muhammad.
III. Improper Comment During Closing Argument
At trial, Muhammad testified that after he shot Ewans in self-defense, he called his children's mother, said he needed to talk to her about something, and then went to see her and his children. During closing arguments, the prosecutor said this to the jury:
*26 He said he went back there to tell the mother of his children what really happened. Well, that was the honesty in him that was just coming out, and it was bubbling up out of his mouth, and he had to go to the true woman in his life, the mother of his children and tell her what happened. Where was she, the mother-
At that point, defense counsel objected and argued that Muhammad did not have to prove anything or call any certain witness. Defense counsel asked the court to instruct the jury as such, and the court responded that it had already instructed the jury on that issue.[3] Defense counsel then said, "Okay. I know, you're right. I need to preserve my objection." The prosecutor continued his closing argument and said,
If a person is on trial for murder and there is a person out there who can say he came to me and he told me everything about it shortly after it happened, and here's what he told me. Wouldn't you think that person would do that before he testified unless it's a lie? Those are just facts.
A circuit court has discretion to control closing argument and is generally in a better position than this court to determine the possibility of prejudice by observing the argument firsthand. Woodruff v. State , 313 Ark. 585, 856 S.W.2d 299 (1993). We will not reverse the circuit court in matters pertaining to its control, supervision, and determination of the propriety of arguments of counsel in the absence of a manifest abuse of discretion. Id.
Muhammad here complains that the prosecutor improperly argued that not calling the mother of his children as a witness indicated that he had lied on the stand and that the circuit court erred in refusing to admonish the jury as he had requested. He also says that the prosecutor improperly shifted the State's burden of proof.
The State contends that attorneys are to be given leeway in closing remarks and that those remarks that require reversal are rare and must have appealed to jurors' passions. See Delatorre v. State , 2015 Ark. App. 498, 471 S.W.3d 223. The State also argues that the prosecutor's remarks in this case were directed at the State's burden of disproving Muhammad's justification defense, not infringing on his presumption of innocence or right to not call witnesses.
Muhammad did not raise the burden-shifting argument below, and this court will not address an argument made for the first time on appeal. Hall v. State , 2018 Ark. 319, 558 S.W.3d 867. As for the admonishment, the circuit court deemed it unnecessary to repeat its instruction to the jury, and as we have stated, the circuit court is in a better position to determine the possibility of prejudice by observing the argument firsthand. Woodruff , supra. We also note that Muhammad did not believe a mistrial was necessary in the circumstances because he did not move for one. This case does not present a manifest abuse of the circuit court's discretion regarding how it handled a closing argument.
Affirmed.
Abramson and Murphy, JJ., agree.

The charges were later severed, and Muhammad pled guilty to possession of a firearm by certain persons and received a sentence of ten years' imprisonment, to run concurrently to his sentence for first-degree murder.

On this point, Muhammad also argues that the erroneous jury instruction was a "structural error" requiring reversal, citing Teater v. State , 89 Ark. App. 215, 222, 201 S.W.3d 442, 447 (2005). But in Teater the defendant had preserved the alleged jury-instruction error. And this court's decision concerned whether the harmless-error standard of review should be applied.

Jury Instruction Number 8, given before closing arguments began, provided: "The [S]tate must prove beyond a reasonable doubt each element of the offense charged. On the other hand, the defendant is not required to prove his innocence."