Cite as 2019 Ark. App. 340

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-18-927

| | |
|---|---|
| ADAM KLEIER<br><br>                    APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                    APPELLEE | **Opinion Delivered:** August 28, 2019<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60CR-15-3339]<br><br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

On October 15, 2015, appellant Adam Kleier was charged in the Pulaski County Circuit Court with Class A felony arson. The felony information alleged that appellant started a fire on September 17, 2015, with the purpose of damaging a motel, which caused damages greater than $10,000 but less than $100,000. The information also alleged that appellant was a habitual offender having committed more than one but less than four felonies. The State filed an amended information on October 16, 2017, which alleged that appellant was a habitual offender with four or more prior felony convictions. Following an April 2018 trial, a jury found appellant guilty of Class A felony arson and sentenced him as a habitual offender with four or more prior felony convictions to serve forty-eight years' imprisonment. For his sole point on appeal, appellant contends that the circuit court abused its discretion in finding that the State's exhibits 14 and 15 were documentary proof that

appellant had Class C felony convictions from Missouri for offenses punishable by a sentence of imprisonment in excess of one year as authorized by Missouri law. We affirm.

Arkansas Code Annotated section 5-4-502 provides that for habitual-offender sentencing under Arkansas Code Annotated section 5-4-501, the circuit court shall hear evidence of a defendant's prior felony convictions, determine the number of convictions, and instruct the jury as to the number of prior felony convictions along with the statutory sentencing range. A conviction from another jurisdiction "constitutes a previous conviction or finding of guilt of a felony if a sentence of death or of imprisonment for a term in excess of one (1) year was authorized under a law of the other jurisdiction." Ark. Code Ann. § 5-4-503 (Repl. 2013). Proof of a foreign law is not a fact that must be proved at trial. *See, e.g.*, *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998). Further, Arkansas Code Annotated section 16-40-104 (Repl. 1999) provides that "[t]he courts of this state shall take judicial knowledge of the laws of other states."

The State bears the burden of proving a defendant's prior convictions for purposes of the habitual-offender statute. *See Willliams v. State*, 304 Ark. 279, 801 S.W.2d 296 (1990). A prior felony may be proved by any evidence that satisfies the circuit court beyond a reasonable doubt that the defendant was convicted or found guilty of the prior felony. Ark. Code Ann. 5-4-504(a) (Repl. 2013). A certified copy of the prior conviction is sufficient to support a finding of a prior conviction. Ark. Code. Ann. § 5-4-504(b)(1).

During the sentencing phase, appellant's counsel objected to the admission of State's exhibits 14 and 15—both certified copies of Class C felony convictions from Missouri—on the basis that it could not be established from the exhibits themselves that the authorized

punishment range was in excess of one year. Exhibit 14 was a certified copy of a 1998 conviction for stealing a motor vehicle for which appellant was sentenced to twelve months' incarceration in a county jail, and exhibit 15 was a certified copy of a 1998 conviction for second-degree assault for which he was sentenced to eight months' incarceration in a county jail. The State responded that it provided the circuit court's law clerk with "RS 558.011," a Missouri statute providing the ranges of punishment for the classes of felonies and that the statute authorizes a sentence of up to seven years for a Class C felony. The circuit court overruled the objection, admitted both exhibits, and instructed the jury that appellant had been previously convicted of four or more felonies.

The argument appellant raises on appeal was addressed in *Cherry v. State*, 302 Ark. 462, 791 S.W.2d 354 (1990). Cherry, who was convicted of first-degree murder, argued on appeal that a prior Missouri conviction should not have been used against him during sentencing because "the record of conviction did not show it carried a sentence in excess of one year, as required by Ark. Code Ann. § 5-4-503 (1987)." *Id*. at 470–71, 791 S.W.2d at 358. There, the State offered a certified copy of a conviction from Missouri to prove appellant's status as a habitual offender. The proof offered noted that appellant pleaded guilty to "Forgery (Class C) (3 counts)." *Id*. at 471, 791 S.W.2d at 359. In affirming the circuit court, the supreme court took judicial notice that under Missouri law, forgery is a Class C felony and that a Class C felony is punishable by a term not to exceed seven years under Mo. Ann. Stat. § 558.011(1)(3) (Vernon 1979). The supreme court held that the convictions were properly considered.

3

The facts presented in this case, in contrast to *Cherry*, demonstrate that the Missouri sentencing statute was cited by the State to the circuit court. The State cited Mo. Rev. Stat. § 558.011, told the court that a Class C felony authorized a sentence of up to seven years imprisonment, and informed the court it had given a copy of the statute to the court's law clerk.[1] Appellant does not assert that Mo. Ann. Stat. § 558.011 does not authorize a sentence in excess of one year for a Class C felony, only that the possible range of sentencing is not apparent from the face of the certified copies of the convictions. The circuit court was presented with the Missouri law and admitted the two Missouri convictions. Arkansas Code Annotated section 16-40-104 provides that "[t]he courts of this state shall take judicial knowledge of the laws of other states." Therefore, we conclude that the challenged convictions were properly admitted.

Appellant further contends that this court cannot take judicial notice of the Missouri law on appeal, arguing that the supreme court in *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998), "impliedly overruled" its holding in *Cherry* that it could take judicial notice of the Missouri sentencing statute on appeal. Because the Missouri sentencing statute was raised in the circuit court, we need not address this argument.

Finally, appellant suggests that the State failed to give proper notice that it intended to rely on foreign law as required by Ark. R. Civ. P. 44.1. This argument was not raised

---

[1]We note that the State included a copy of the Missouri statute in its supplemental addendum, which is not contained in the record. Rule 4–2(a)(8) of the Rules of the Supreme Court provides that the addendum is to include documents in the record on appeal. We will not consider a document that is included in the addendum but is not in the record. *Barnett v. Monumental Gen. Ins. Co.*, 354 Ark. 692, 695, 128 S.W.3d 803, 805 (2003).

below, and we do not address arguments raised for the first time on appeal. *Davis v. State*, 2018 Ark. App. 450, at 4, 558 S.W.3d 897, 899.

Affirmed.

SWITZER and WHITEAKER, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Chris R. Warthen*, Ass't Att'y Gen., for appellee.