Cite as 2020 Ark. App. 424

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-20-194

| | |
|---|---|
| | Opinion Delivered September 23, 2020 |
| MALACHI MUHAMMAD<br>APPELLANT | APPEAL FROM THE MONROE COUNTY CIRCUIT COURT [NO. 48CR-16-46] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHALK S. MITCHELL, JUDGE |
| | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

Malachi Muhammad appeals the circuit court's denial of his petition for postconviction relief and its decision to do so without a hearing. We reverse and remand for the circuit court to either hold a hearing or issue written findings in compliance with Ark. R. Crim. P. 37.3(a) (2019).

In October 2017, Muhammad was found guilty by a jury of first-degree murder and sentenced to thirty-five years' imprisonment. He appealed to this court, and we affirmed his conviction. *Muhammad v. State*, 2019 Ark. App. 87, 572 S.W.3d 21. In May 2019, Muhammad filed in the circuit court a pro se petition for postconviction relief under Ark. R. Crim. P. 37, claiming ineffective assistance of counsel and requesting an evidentiary hearing. Without convening a hearing, the circuit court denied Muhammad's petition. Muhammad timely appealed the circuit court's order.

Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing must be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999). Rule 37.3(a) states that "[i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Without the specific findings there can be no meaningful review in this court because this court's role is to determine whether the findings are supported by a preponderance of the evidence. *Rackley v. State*, 2010 Ark. 469. We are not required to scour the record in a Rule 37.1 appeal to determine if the petition is wholly without merit when there are no written findings. *Id.* When a hearing is not held, it is the circuit court's responsibility to make written findings. *Id.*

There is a caveat: even if the circuit court's findings are inadequate, this court will affirm the denial of a Rule 37.1 petition notwithstanding the circuit court's failure to make written findings under Rule 37.3 in two disjunctive circumstances. First, if the court determines from the record that the petition is wholly without merit; or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Reed v. State*, 375 Ark. 277, 289 S.W.3d 921 (2008). One or the other will suffice.

Muhammad argues on appeal that the circuit court's order did not comply with Rule 37.3 because it failed to make specific written findings. He is correct that the circuit court made no specific factual findings related to Muhammad's allegations in his petition.

2

Instead, the court's order notes that Muhammad "makes several arguments in his Rule 37 Petition that his counsel was ineffective" but finds that he failed to show that his trial counsel was ineffective under the criteria set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). We hold that this is insufficient to meet the written-findings requirement in Rule 37.3(a).

But can it be determined from the record that Muhammad's petition is wholly without merit? Or are the allegations in the petition such that it is conclusive on the face of the petition that no relief is warranted? *See Douglas v. State*, 2018 Ark. 89, 540 S.W.3d 685 (interpreting case law to hold that a petitioner's argument must be so conclusive on the face of the petition or on the face of the record as to show that no relief is warranted). We hold that it is not readily apparent from the record that Muhammad's petition is wholly without merit; nor are the allegations in the petition such that it is conclusive on its face that no relief is warranted. Again, we are not required to scour the record in a Rule 37 appeal to determine if the petition is wholly without merit when there are no written findings. *Rackley*, *supra*. Consequently, we reverse and remand the case to the circuit court and direct it to either conduct a hearing or issue written findings in compliance with Rule 37.3(a).

Reversed and remanded.

KLAPPENBACH and HIXSON, JJ., agree.

*Malachi Muhammad*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

3