Cite as 2022 Ark. App. 457

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-22-178

| | | |
|---|---|---|
| CHARLES EDWARD SMITH | | Opinion Delivered November 9, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 30CR-19-6] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

On September 10, 2021, a Hot Spring County jury convicted appellant Charles Smith of residential burglary. He was sentenced to thirty years' imprisonment. Smith does not challenge the sufficiency of the evidence but rather claims that the court made the following errors: providing the incorrect jury instruction for residential burglary, refusing to give the proffered instruction for criminal trespass; denying Smith's motion for mistrial; and admitting Smith's past convictions into evidence. We affirm.

At trial, the evidence established that Smith committed residential burglary when he entered the home of Terry Baker without permission while Baker was away and attempted to steal a scope from a rifle. Baker testified that when he got home, as he was walking through his living room, Smith came out of his bedroom holding up the scope and accusing Baker

of stealing it from him. Baker reached for his shotgun and retrieved the scope from Smith's hand as Smith left the house.

Baker immediately reported the incident and relayed Smith's license-plate number that he wrote down as Smith drove away. The police went to the address associated with the license-plate number. After detaining Smith, Baker identified him as the burglar.

First, Smith argues that the circuit court erred by giving the residential-burglary instruction to the jury without specifying an underlying offense.[1] Rather than using the model jury instruction, the circuit court provided the jury with an instruction that tracked the language of the residential-burglary statute.[2] Smith correctly argues that a specific offense must be included in the jury instruction for burglary because the offense intended is an element of the charge. *See Oliver v. State*, 286 Ark. 198, 691 S.W.2d 842 (1985).

However, the omission of an element from a jury instruction in a criminal trial is subject to harmless-error analysis. *Neder v. United States*, 527 U.S. 1 (1999). The test for determining whether a constitutional error is harmless is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* at 15 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). Further, *Reynolds v. State*,

---

[1]We disagree with the State's argument that this point is not preserved, and we find *Douglas v. State*, 2017 Ark. 70, 511 S.W.3d 852, distinguishable.

[2]Arkansas Code Annotated section 5-39-201(a)(1) (Repl. 2013) provides that "[a] person commits residential burglary if [he] enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment."

341 Ark. 387, 393, 18 S.W.3d 331, 334 (2000) (citing *United States v. West*, 28 F.3d 748 (8th Cir. 1994)), notes "the importance of reviewing an allegedly faulty jury instruction in context with the entire jury charge and the entire trial."

Here, any error was harmless beyond a reasonable doubt because it did not contribute to the verdict. Prior to voir dire, the court read the criminal information to the jury, which included the language "with the purpose of committing in a residential occupiable structure the theft of a rifle scope." Further, Baker's testimony reflected that the underlying issue of the offense was the theft of the rifle scope. In reviewing the entire trial, we hold that the jury verdict would have been the same absent the error, and reversal is not warranted.

Next, Smith argues the court erred when it failed to give the jury his requested instruction for the lesser included offense of criminal trespass.[3]

We will not reverse a circuit court's ruling on whether to give a jury instruction absent an abuse of discretion. *Marshall v. State*, 2021 Ark. 158, 627 S.W.3d 810. It is not erroneous for a circuit court to decline to give a proffered instruction on a lesser offense when the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent. *Crift v. State*, 2018 Ark. App. 15, at 5–6, 539 S.W.3d 599, 602. Put another way, when a defendant makes a claim of innocence, no rational basis exists to instruct the jury on a lesser included offense because the jury need only determine whether the defendant is guilty of the crime charged. *Id.*

---

[3]A person commits criminal trespass if he purposely enters or remains unlawfully in the premises of another person. Ark. Code Ann. § 5-39-203 (Supp. 2021).

Here, while Smith did not testify in his own defense, he did not present evidence to warrant the criminal-trespass jury instruction. Smith's defense was one of general denial as evidenced by him posing multiple theories to undermine the State's case—one theory being that the scope was his all along. At one point, Smith claimed that Baker had stolen it, so Smith was in Baker's house getting his property back. Additionally, Smith questioned the failure of police to take fingerprints or any other forensic evidence, implying that the police set him up for the charge. The jury was free to believe that testimony and could have found the requisite criminal intent lacking for residential burglary. Because the jury needed to determine only whether Smith was guilty or innocent of residential burglary, no rational basis existed to instruct the jury on the lesser included offense. Under these circumstances, we cannot say that the circuit court erred, and we affirm this point.

For his next point on appeal, Smith argues the court erred in denying his motion for mistrial because the prosecutor made a veiled reference toward Smith's invoking his right not to testify.

A mistrial is an extreme remedy that should not be declared unless there has been error so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected. *Dean v. State*, 2021 Ark. App. 182. The circuit court has wide discretion in granting or denying a motion for mistrial, and absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. *Id.* Among the factors we consider on appeal is whether the defendant requested a cautionary instruction or an admonition to the jury. *Id.* The supreme court has held that a

cautionary instruction or an admonition to the jury can make harmless any prejudice that might occur. *Id.* The bottom line on mistrials is that the incident must be so prejudicial that the trial cannot, in fairness, continue. *Boyd v. State*, 318 Ark. 799, 804, 889 S.W.2d 20, 22 (1994).

When a prosecutor is alleged to have made an improper comment on a defendant's failure to testify, the statements are reviewed in a two-step process. *Dean, supra.* First, we determine whether the comment itself is an improper comment on the defendant's failure to testify. *Id.* Even a veiled reference to the defendant's failure to testify is improper: the basic rule is that a prosecutor may not draw attention to, or comment upon, the defendant's failure to testify. This is to prevent the defendant from testifying against himself in violation of the Fifth Amendment. *Id.* Second, if we determine that the prosecution's remark was not proper under this analysis, then we determine whether it can be shown beyond a reasonable doubt that the error did not influence the verdict. *Id.*

The comment Smith has issue with was made in closing argument:

You remember in voir dire [defense counsel] asked you, or made the point there's good and bad people in every profession. Which witness is the bad person he's talking about? The defendant is the only person accused of doing anything wrong. He is the only person that we have proved did something wrong

Smith argues that this implies that he did not testify despite being the only one accused of wrongdoing. We disagree and do not find this to be an improper comment.

The prosecutor's comments mirrored those made by defense counsel during voir dire in which defense counsel insinuated that some of the police witnesses might be "bad

people."[4] The prosecutor's comment in closing highlights that the State's witnesses were not proved to be "bad people" and that the only person proved to have done something wrong was Smith. Accordingly, the circuit court's ruling was not an abuse of discretion.

Last, Smith argues for resentencing because the court abused its discretion in admitting evidence of Smith's past convictions. Specifically, he contends that there was only one certification and one judge's signature for multiple different cases.

Arkansas Code Annotated section 5-4-502 (Repl. 2013) provides that for habitual-offender sentencing under Arkansas Code Annotated section 5-4-501 (Supp. 2021), the circuit court shall hear evidence of a defendant's prior felony convictions, determine the number of convictions, and instruct the jury as to the number of prior felony convictions along with the statutory sentencing range.

The State bears the burden of proving a defendant's prior convictions for purposes of the habitual-offender statute. *Kleier v. State*, 2019 Ark. App. 340, 582 S.W.3d 856. A prior felony may be proved by any evidence that satisfies the circuit court beyond a reasonable doubt that the defendant was convicted or found guilty of the prior felony. Ark. Code Ann.

---

[4]Specifically, defense counsel stated,

Can you listen and use your common sense--another instruction the Judge will give you -- when each witness testifies and apply that to the law and the facts of this case? Can you do that in spite of the fact that some of those witnesses might be wearing a uniform? Because I think we all understand, do we not, that there's good and bad people in every single profession in the world. Every single profession in the world. We all see it every day.

5-4-504(a) (Repl. 2013). A certified copy of the prior conviction is sufficient to support a finding of a prior conviction. Ark. Code. Ann. § 5-4-504(b)(1).

Here, the prosecution introduced a certified copy of one 11-page order filed on September 4, 2013, reflecting Smith's negotiated pleas of guilty that same day to a total of sixteen criminal counts over four cases. The order reflects that Smith was represented by counsel, Clay Simpson. It is signed by Circuit Judge Robert Edwards and dated September 4, 2013. Further, pursuant to Arkansas Code Annotated section 5-4-501(d)(1)(C) (Supp. 2021), Smith was sentenced to thirty years' imprisonment, the shortest sentence available in light of those prior convictions. Accordingly, we conclude that the challenged convictions were properly admitted.

Affirmed.

HARRISON, C.J., and BARRETT, J., agree.

*Baxter Law Firm, PLLC*, by: *James R. Baxter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.