Cite as 2024 Ark. 82

# SUPREME COURT OF ARKANSAS

No. CV-23-721

MALACHI MUHAMMAD
                    APPELLANT

V.

DEXTER PAYNE, DIRECTOR,
ARKANSAS DIVISION OF
CORRECTION
                    APPELLEE

Opinion Delivered: May 9, 2024

PRO SE APPEAL FROM THE
LINCOLN COUNTY CIRCUIT
COURT
[NO. 40CV-23-52]

HONORABLE JODI RAINES
DENNIS, JUDGE

AFFIRMED.

### BARBARA W. WEBB, JUSTICE

Appellant Malachi Muhammad appeals the denial and dismissal of his pro se petition

for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101

(Repl. 2016) in Lincoln County, which is the county where he is incarcerated.  Muhammad

alleged that the trial court lacked jurisdiction to enter the judgment because the court did

not receive a guilty-plea statement, and there is no evidence in the record that he pleaded

guilty to the charge of possession of a firearm by certain persons.  We affirm.

## I.  *Background*

Muhammad was charged with one count of first-degree murder and with possession

of a firearm by certain persons.  A Monroe County Circuit Court jury found Muhammad

guilty of first-degree murder, and he was sentenced to 420 months' imprisonment. The

sentencing order also recited that Muhammad pleaded guilty to the firearm charge, which

had been severed, and he was sentenced to 120 months' imprisonment to be served

concurrently with the sentence for the murder conviction. Muhammad appealed, and the Arkansas Court of Appeals affirmed. *Muhammad v. State*, 2019 Ark. App. 87, 572 S.W.3d 21.

Muhammad subsequently filed a petition seeking postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2019). In the petition, his only challenge was to the effectiveness of his trial counsel, arguing that he (1) failed to request jury instructions on the lesser-included offenses of second-degree murder and manslaughter and (2) failed to object to an erroneous jury instruction during the sentencing phase that Muhammad would be eligible for parole after serving 70 percent of his sentence, when his prior criminal history required him to serve 100 percent. The circuit court denied him relief without conducting a hearing or making written findings. On appeal, Muhammad argued that the trial court's findings denying relief were inadequate due to a lack of written findings. The court of appeals reversed. *Muhammad v. State*, 2020 Ark. App. 424. After the matter was remanded to the trial court to either conduct a hearing or issue specific written findings in compliance with Rule 37.3(a), the trial court—after a Rule 37 hearing—found that trial counsel's performance was not deficient, that it did not prejudice Muhammad, and that Muhammad's petition was meritless and should be dismissed. The court of appeals affirmed. *Muhammad v. State¸* 2022 Ark. App. 81, 640 S.W.3d 438.

## II. *Muhammad's Habeas Petition*

On April 5, 2023, Muhammad filed a petition for writ of habeas corpus in the Lincoln County Circuit Court, which is in the county where he is incarcerated. He alleged that the trial court had exceeded its authority and/or acted in excess of its jurisdiction in

entering the criminal judgment following his plea of guilty on the possession–of–a–firearm charge. He asserted that he did not plead guilty to the charge, which he contends was substantiated by the verbatim record of his trial, which is attached as an exhibit to his petition. Further, Muhammad cites *Elms v. State*, 299 Ark. 419, 773 S.W.2d 89 (1989), a case in which this court vacated a conviction and sentence because the trial court did not receive a guilty plea from the defendant himself in open court. Muhammad argues that his case is analogous. He claims that the circuit court in his case did not receive a guilty plea statement from him, and therefore, the conviction and sentence for possession of firearm by certain person must be reversed and dismissed.

The circuit court denied and dismissed Muhammad's petition, finding that

[t]he petitioner is attacking his guilty plea. A challenge to a plea of guilty must be filed pursuant to Arkansas Rule of Criminal Procedure 37. *Webb v. State*, 365 Ark. 22, 223 S.W.3d 796 (2006). The time within which to file a Rule 37 petition has long expired.

Muhammad timely appealed.

### III. *Standard of Review*

We review the circuit court's decision on a petition for writ of habeas corpus for clear error. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, despite evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that there has been a mistake. *Id*.

### IV. *Argument on Appeal*

On appeal, as he did below, Muhammad contends that the sentencing order is invalid on its face and that the trial court lacked jurisdiction to enter the judgment because he did

3

not enter a plea of guilty to the charge of possession of a firearm by certain persons and that there is no record of a guilty plea. His argument, however, fails to address the circuit court's grounds for denying his habeas petition. Muhammad does not challenge the circuit court's finding that his petition was a collateral attack on his guilty plea and conviction and therefore had to be raised pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure and that any attempt to seek relief under Rule 37 was time-barred. We hold that the circuit court's analysis was correct and must be affirmed.

In pertinent part, Rule 37.1 states:

(a) A petitioner in custody under sentence of a circuit court claiming a right to be released, or to have a new trial, or to have the original sentence modified on the ground: (i) that the sentence was imposed in violation of the Constitution and laws of the United States or this state; or (ii) that the court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence was in excess of the maximum sentence authorized by law; or (iv) that the sentence is otherwise subject to collateral attack may file a petition in the court that imposed the sentence, praying that the sentence be vacated or corrected.

(i) that the sentence was imposed in violation of the Constitution and laws of the United States or this state; or

(ii) that the court imposing the sentence was without jurisdiction to do so; or

(iii) that the sentence was in excess of the maximum sentence authorized by law; or

(iv) that the sentence is otherwise subject to collateral attack may file a petition in the court that imposed the sentence, praying that the sentence be vacated or corrected.

Further, under Rule 37.2, Muhammad was required to file his petition withing ninety days of his guilty plea or, because he appealed his conviction, within sixty days of the issuance of the mandate affirming his conviction. As noted previously, Muhammad's conviction was

4

affirmed in 2019. *See Muhammad*, 2019 Ark. App. 87, 572 S.W.3d 21. Muhammad's time for seeking relief under Rule 37 has long since passed.

Affirmed.

WOOD, J. dissents.

**RHONDA K. WOOD, Justice, dissenting.** I dissent for the reasons stated in *Hill v. Payne*, 2024 Ark. 54, at 5–6 (Wood, J., dissenting).

*Malachi Muhammad*, pro se appellant.

*Tim Griffin*, Att'y Gen.; by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.